**Nancy L. COONS, Plaintiff–Appellant,**

v.

**BOARD OF EDUCATION OF THE ROCHESTER CITY SCHOOL DISTRICT; Members of the Board of Education; Rochester City School District; Dr. Clifford B. Janey, Individually and as Superintendent of Schools; Clark Powell, Individually and as Principal of Benjamin Franklin High School; AL Evangelista, Individually and as Secondary School Personnel Director in Charge of Technology; Maurice Bell, Individually and as Supervising Director of Education, 9–12; Alpha Daly Majors, Individually and as Human Resources Generalist; Dr. George Larkins, Individually and as Principal of Dag Hammarskjold School # 6; Dr. Janita Byars, Individually and as Director of Arts; The Rochester Teachers Association; Adam Urbanski, Individually and as President of the Rochester Teachers Association; and Martha Keating, Individually and as Second Vice President of the Rochester Teachers Association, Defendants–Appellees.**

Docket No. 02–7532.

United States Court of Appeals, Second Circuit.

June 9, 2004.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the judgment of the district court is AFFIRMED.

Emmelyn Logan–Baldwin, Rochester, NY, for Appellant.

Carol E. Heckman, Harter, Secrest & Emery, LLP, Rochester, NY, for Rochester City School District Appellees.

Ivor Moskowitz, Latham, NY, for Rochester Teachers Association Appellees.

PRESENT: WINTER, JACOBS, Circuit Judges, and POLLACK, District Judge.

## SUMMARY ORDER

This is an appeal from an order of the United States District Court for the Western District of New York (Larimer, J.), entered on March 28, 2002, granting summary judgment in favor of the defendants and dismissing the action in its entirety. *See Coons v. Rochester City Sch. Dist., et al.*, 196 F.Supp.2d 314 (W.D.N.Y.2002). Nancy Coons, a teacher in the Rochester City School District, has brought a variety of discrimination-type claims against the Rochester City School District, the Rochester Teachers Association, and numerous officers and employees of those entities. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

The district court dismissed plaintiff's race discrimination and hostile work environment claims on the ground that they were time-barred. We affirm for the same reason.

As to the remaining claims, the district court dismissed on the merits. We affirm for substantially the same reasons stated in the district court's opinion.

Plaintiff argues for the first time on appeal that she was denied the right to non-conflicting representation and that this Court should direct non-conflicting representation of the defendants. This argument is incomprehensible and was in any event waived because it was not raised below. *See Mycak v. Honeywell, Inc.*, 953 F.2d 798, 803 (2d Cir.1992).

This appeal is frivolous and it appears that this action has been frivolous from beginning to end. Accordingly, our mandate does not preclude imposition of Rule 11 sanctions, including attorneys' fees, in the district court upon motion by any defendant or by the court *sua sponte.*

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**